**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR
WARMING PRODUCTS
LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

This Document Relates to:
Michael Gorham,
v.
3M Company, et al.,
16-cv-3802

**REPORT AND RECOMMENDATION**

---

Defendants request dismissal of this case for failure to prosecute based on Plaintiff Michael Gorham's failure to comply with his discovery obligations. Dkt. No. 30.

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). When provided sufficient opportunities to cure noncompliance, dismissal with prejudice is appropriate. *See, e.g.*, MDL Dkt. No. 2921.

Defendants served discovery requests and requested deposition dates. Dkt. No. 17. Gorham failed to serve discovery responses that were due on October 29, 2025. Dkt. No. 16. On November 10, 2025, Defendants requested a telephonic conference to discuss outstanding discovery. *Id.* The Court held a telephonic hearing on November 25, 2025. There, the Court ordered Gorham to provide discovery responses and deposition dates by December 19, 2025. *See* Dkt. Nos. 19, 21. After Defendants' requested dismissal, Dkt. No. 23, Gorham's counsel initially represented that he had

provided discovery answers and a deposition date. *See* Dkt. No. 25. The Court thus denied Defendants' motion to dismiss. Dkt. No. 26. Gorham's counsel subsequently clarified that Gorham had not served discovery responses. Dkt. No. 27. Defendants renewed their request for dismissal. Dkt. No. 30. Discovery responses still had not been served as of February 2, 2026. *See id.* at 2. When Defendants noticed Gorham's deposition for January 30, 2026, Gorham's counsel informed Defendants that she was unable to confirm Gorham was willing and able to proceed with the deposition. *Id.* at 1–2.

The Court agrees with Defendants that with-prejudice dismissal is appropriate. After this case was selected as one of 150 to be worked up for trial, this Court entered an accelerated scheduling order at plaintiffs' request. Dkt. Nos. 11–14. Under that scheduling order, fact discovery commenced on September 29, 2025, and is set to be completed by February 27, 2026. *See* Dkt. No. 14 at 3. Despite this accelerated scheduling order, Gorham has failed to respond to Defendants' discovery requests for months. When the Court ordered Gorham to provide discovery responses and deposition dates, Gorham failed to comply. Gorham's counsel appears to have made multiple attempts to contact Gorham without success to remedy these issues. *See, e.g.*, Dkt. No. 30 at 2 (noting multiple calls, e-mails, and letters to Gorham). Not only has Gorham failed to prosecute his case, delays such as this threaten to derail the parties' and the Court's efforts to move this MDL forward. With-prejudice dismissal is appropriate here.

For the reasons set forth above, the Court RECOMMENDS THAT: Defendants' Motion to Dismiss (Dkt. No. 30) be GRANTED.

Dated: February 9, 2026

 s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).